IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CELIA MICHELE FARMER,

    Plaintiff,

    v.

ALLSTATE INSURANCE
COMPANY, a/k/a Allstate Indemnity
Company,

    Defendant.

CIVIL ACTION FILE
NO. 1:04-CV-2862-TWT

OPINION AND ORDER

This is an action seeking to recover on a fire loss. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 23]. For the reasons set forth below, the Defendant's motion is GRANTED.

I. BACKGROUND

Plaintiff Celia Michele Farmer is a resident of the State of Georgia. Defendant Allstate Insurance Company ("Allstate") is an Illinois corporation with its principal place of business in that state. On January 27, 2004, Allstate issued to Farmer a homeowner's insurance policy, which provided coverage for Farmer's residence at 1834 Sandtown Drive, Atlanta, Georgia 30311. On February 12, 2004, a fire

destroyed the insured property and its contents. Farmer notified Allstate of the loss, alleged to total over $118,000.00, and made a claim for payment of the insurance policy proceeds. Allstate began an investigation into the claim and discovered facts indicating that the claim was suspicious and fraudulent. (Hatfield Aff. ¶¶ 5-7.) Specifically, the preliminary investigation revealed that: Farmer purchased the home less than two weeks before the policy was issued and the fire occurred; she provided false information regarding the purchase price of the home; and Farmer had filed for legal separation from her husband shortly before purchasing the home. (Id. ¶ 6.) As a result of the preliminary investigation, Allstate requested that Farmer and her husband submit to an examination under oath and produce specific documentation and information. Farmer and her husband submitted to the examinations but did not produce the requested materials. (Id. ¶ 17.)

Approximately one week after the examinations, Allstate sent Farmer's counsel a letter with an itemized list of documentation and information needed from Farmer and her husband in order to complete its investigation. (Def.'s Mot. for Summ. J., Ex. D.) Farmer refused to provide the requested information. (Id., Ex. E.) On July 13, 2004, Allstate notified Farmer that its investigation to date had revealed information suggesting fraud and that her refusal to produce the requested documentation and information prevented Allstate from continuing with and completing its investigation

into the claim. Allstate also issued its final request that Farmer produce the information within ten days. (Id., Ex. F.) Farmer again refused to comply with Allstate's request. On August 27, 2004, Allstate informed Farmer that it considered her refusal to be a material breach of the terms of the insurance contract and, therefore, denied Farmer's claim in its entirety. (Id., Ex. G.) Shortly thereafter, Farmer filed suit alleging breach of contract by Allstate and seeking to recover under the insurance policy. Allstate moves for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. DISCUSSION

Farmer contends that Allstate is liable for breach of contract based on the insurer's failure to pay her fire loss claim. Allstate argues, however, that Farmer is not entitled to recover because she failed to provide certain documents and information, in violation of the terms of the insurance policy. Specifically, as part of its investigation of Farmer's claim, Allstate requested the following records: (1) business and personal tax returns individually or jointly filed for 2000 through 2003; (2) business licences issued from 2000 through the present; (3) closing documents relating to any real property owned by Farmer or her husband; (4) financing documentation for any real property owned by Farmer or her husband; (5) business and personal financial records for Farmer and her husband from February 1, 2003, through the present; (6) cell phone records for Farmer and her husband from January 1, 2004, through March 31, 2004; (7) utility records for the subject property showing whether the utilities were operable on the date of the fire; (8) divorce records and related filings for Farmer and her husband; and (9) copies of all outstanding and pending liens against the subject property. (Def.'s Mot. for Summ. J., Ex. D; see also Ex. B.) As noted, Farmer refused to produce any of the requested information. (See Def.'s Mot. for Summ. J., Exs. E-G.)

When questions exist as to the cause of a fire for which a claim is made, the insurer has the right to investigate before reaching a decision as to whether to pay the

claim.  Pervis v. State Farm Fire & Cas. Co., 901 F.2d 944, 946 (11th Cir. 1990). Moreover, "[a]n insurer is entitled to require its insured to abide by the policy terms, and the insured is required to cooperate with the insurer in investigation and resolution of the claim."  Diamonds & Denims, Inc. v. First of Georgia Ins. Co., 203 Ga. App. 681, 683 (1992) (internal citations omitted).  The policy issued to Farmer provides, in pertinent part, that: "In the event of a loss to any property that may be covered by this policy, you must . . . give us all accounting records, bills, invoices and other vouchers, or certified copies, which we may reasonably request to examine and permit us to make copies."  (Insurance Policy at 14.)  The policy further states that the insured cannot bring any suit or action against the insurer "unless there has been full compliance with all policy terms."  (Id. at 18, 24.)  As such, the requirement that requested documentation be provided is a condition precedent to the insured's filing of any action against Allstate.  Conditions precedent such as this are binding against the insured.  Hill v. Safeco Ins. Co. of Am., 93 F. Supp. 2d 1375, 1383 (M.D. Ga. 1999) (citing Townley v. Patterson, 139 Ga. App. 249, 249 (1976)).

Under Georgia law, Farmer breached the insurance contract and is precluded from recovering if she failed to provide "*any* material information" required under the

policy.[1]  Halcome v. Cincinnati Ins. Co., 254 Ga. 742, 744 (1985); see also Allstate Ins. Co. v. Hamler, 247 Ga. App. 574, 575-76 (2001) (insured's failure to provide requested documents constituted breach of contract); Diamonds & Denims, Inc., 203 Ga. App. at 683 ("A total failure to comply with policy provisions made a prerequisite to suit under the policy may constitute a breach precluding recovery from the insurer as a matter of law."). Farmer does not deny that she refused to provide the requested information. Rather, she contends that the information sought by Allstate was not relevant to the claim under investigation and was unnecessarily intrusive. This argument is unavailing. Allstate suspected fraud in relation to Farmer's claim.[2] Where

---

[1]Throughout her response brief, Farmer argues that she and her husband submitted to an examination under oath and, therefore, Allstate cannot claim that she did not cooperate.  The insurance contract does require an insured to submit to an examination under oath at Allstate's request.  (Insurance Policy at 15.)  However, Allstate does not contend that Farmer breached this provision of the contract.  Rather, Allstate argues that Farmer is precluded from recovering based on her refusal to provide the requested documentation and information.  (Def.'s Mot. for Summ. J., at 4, 7 n.16; Def.'s Reply, at 1, 4.)

[2]Farmer repeatedly claims that Allstate never indicated that it suspected fraud. This contention, however, is remarkable in light of a letter sent to Farmer's counsel in response to Farmer's refusal to provide the requested documentation.  In that letter, which was sent almost two months before Farmer filed suit, Allstate explained that: "The portion of Allstate's investigation completed thus far has revealed information suggesting that elements of your clients' claims are fraudulent." (Def.'s Mot. for Summ. J., Ex. F.)  Moreover, even if Allstate had not notified Farmer of its suspicions of fraud, nothing in the language of the policy requires Allstate to provide any explanation for its requested documents.  See Hill, 93 F. Supp. 2d at 1384.

an insurer suspects that a claim might be fraudulent, information relating to the insured's recent income and sources of income is material and relevant to the suspicion of fraud and to the insured's possible financial motive.  Halcome, 254 Ga. at 744; Hamler, 247 Ga. App. at 576-77; see also Meyers v. State Farm Fire & Cas. Co., 801 F. Supp. 709, 716 (N.D. Ga. 1992) ("[I]t is merely a matter of common sense that where an insurer alleges arson as a defense to a claim for fire loss, the financial status and potential financial gain to the insured–as the suspected arsonist–are circumstances material to the defense.").  Farmer clearly breached the insurance contract when she refused to produce any of the requested financial documents.  She has not provided sufficient justification for her complete refusal.  Because Farmer failed to comply with this condition precedent, she is  barred from filing this action under the terms of the policy, Allstate is entitled to summary judgment on Farmer's breach of contract claim.

Farmer also asserts a claim for bad faith penalties and attorney's fees.  Although the Complaint does not specify, the Court assumes that these claims are brought pursuant to O.C.G.A. § 33-4-6.  Under O.C.G.A. § 33-4-6, if an insurer refuses in bad faith to pay a covered loss within 60 days after the insured makes a demand, the insurer may be held liable to pay the holder of the policy a bad faith penalty and reasonable attorney's fees.  However, statutory penalties for bad faith refusal to pay

a claim are not authorized where the insurance company has any reasonable ground to contest the claim.  JLM Enters., Inc. v. Houston Gen. Ins. Co., 196 F. Supp. 2d 1299, 1314 (S.D. Ga. 2002); Allstate Ins. Co. v. Smith, 266 Ga. App. 411, 413 (2004). Here, Farmer breached the insurance contract by failing to provide the requested financial information.  This breach precludes Farmer from recovering under the policy and, thus, Allstate had reasonable grounds for refusing to pay the claim.  See Hill, 93 F. Supp. 2d at 1385 (breach of three conditions precedent of insurance contract created reasonable grounds for insurer to contest claim).  Summary judgment on Farmer's claims for bad faith penalties and attorney's fees is warranted.

## IV.  CONCLUSION

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 23] is GRANTED.

SO ORDERED, this 12 day of October, 2005.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge